FERDINAND GATZ v. HENRY R. DIESSNER.[1]

November 20, 1908.

Nos. 15,814—(55).

**Damage by Artificial Drain.**

[One man cannot artificially drain a meandered lake onto another's property, to his damage. The person thus injured suffers a special damage. Reporter.]

Action in the district court for Carver county to restrain defendant from draining Clearwater lake below the ordinary stage of water by an artificial ditch and requiring him to fill up and restore the natural outlet to the lake to its former condition, and to restrain him from thereafter lowering the outlet, and for $1,000 damages. The case was tried before Olsen, J., (acting for the judge of the Eighth judicial district) who granted a mandatory injunction and found for

[1] Reported in 118 N. W. 255.

plaintiff in the sum of one dollar. From an order refusing to set aside the findings and grant a new trial, defendant appealed. Affirmed.

*Frank I. Mason,* for appellant.

*W. C. Odell,* for respondent.

PER CURIAM.

The trial court found the following facts: The natural outlet of Clearwater lake, a large, deep, and meandered body of open water, commenced upon the farm of defendant and appellant, and ran in a southerly and westerly direction across plaintiff and respondent's valuable pasture and meadow lands into a smaller meandered lake known as Buran's. Defendant excavated and widened the natural outlet of Clearwater lake, thereby increasing its depth on an average about two feet, and increasing its width about three feet beyond its normal condition. At the same time he dug a new ditch, which commenced at the lake shore and which was from ten to eleven feet wide and about four feet deep. Thereby the waters of Clearwater lake have been lowered more than fifteen inches, and its natural tendency is to continue to lower the water below its natural level. Defendant intended to maintain the enlarged outlet. By reason of these acts, large quantities of water which would not otherwise have come there have been carried through the enlarged channel and the artificial ditch, and flooded plaintiff's lands.

As conclusions of law the court granted a mandatory injunction requiring defendant to close and fill up the artificial ditch, and to replace the earth excavated by him from the natural outlet and to restore it to its natural condition. Defendant was also restrained from casting on plaintiff's premises the water from Clearwater lake in any greater volume or quantity than such water naturally flowed upon such premises. Plaintiff was awarded the sum of one dollar damages.

The essential questions presented on appeal were whether the evidence supports the finding of fact, and the law sustains the court's order for judgment. An examination of the record has satisfied us that, within the familiar rule on the subject, there was evidence sufficiently tending to support the findings of fact. The proposition of

law is obvious. One man cannot artificially drain a meandered lake onto another's property to his damage. The person thus injured suffers a special damage. Plaintiff had shown an unlawful act coupled with special damage. The court granted appropriate relief.

No merit appears in defendant's further contentions. For example, he urges that defendant, a tort-feasor, acting independently, is liable only for his share of the damages, and that in this case the acts of farmers working in these outlets were not considered. The amount of damages awarded was one dollar. The rule de minimis non curat lex applies. There is no more force to the contention that plaintiff was not entitled to damages because of the law of avoidable consequences, or because he failed to come into equity with clean hands.

Affirmed.